## BIDWELL v. SMITH et al.

Under Civ. Code, § 1618, prohibiting a trustee to deal with the trust property for his own benefit, one who, as a former administrator, purchased a mortgage claim against the estate for one-fourth of its face value, cannot recover more than the amount paid by him and interest, whether his claim be regarded as legal or equitable, and though the beneficiaries refused to ratify his purchase and compelled him to incur costs to collect the smaller amount.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by F. A. Bidwell against Patrick Smith and others. From the judgment, plaintiff appeals. Affirmed.

*A. E. Hitchcock,* for appellant. *Preston & Hannett,* for respondents.

WHITING, J. This is an action by one B. to foreclose a mortgage securing notes and a large amount of taxes and insur-

ance paid by holders of said notes. It seems that one D. owned the land in question in year 1883 and gave the mortgage securing notes in suit; that the mortgage provided that mortgagee might pay taxes and insurance if mortgagor failed to do so. Taxes were left unpaid for several different years, and in some cases land went to tax sale and even tax deed, but eventually whoever then held the mortgage redeemed land from taxes. Insurance was also paid on premises several years. After giving of said mortgage, D. sold the land to one Elsie M. Baker, who assumed this mortgage indebtedness, such sale being but a few weeks after the giving of the mortgage by D. Elsie M. Baker died in the year 1888, leaving the three Bakers, named herein as defendants, as her sole heirs, two of whom were minors when this action was brought. B., the plaintiff, was appointed administrator of the estate of Elsie M. Baker in 1901, and qualified as such administrator. After his appointment as such administrator, and as such administrator plaintiff opened negotiations with the then holder of the mortgage indebtedness looking to a compromise and the holder of the claim agreed that he would take $425, though, in fact, his claim really amounted to over four times as much. Plaintiff made a full and fair report to the probate court and also to these defendants, and the court ordered him to make the settlement and afterwards directed a sale of the land to raise the money to pay the $425. Defendants objected to sale of land, claiming, first, that there was nothing due on the mortgage; second, that the mortgage indebtedness was not such a debt against the estate as to authorize a sale of the estate to pay the same. The court, being convinced that this latter position was correct, revoked its order of sale. Meanwhile plaintiff, relying on direction of court directing him to make the compromise settlement, and having no funds of the estate, advanced $425 of his own money, and had the mortgage claim assigned to one S. to hold for plaintiff, and plaintiff agreed to and did pay S. $10 more for his services herein. Plaintiff was discharged as administrator and afterwards took an assignment from S. of the mortgage claim, and, the defendants refusing to recognize the debt against the land, the plaintiff brought this action to foreclose the mortgage for the full amount of the mortgage

debt, including all interest accrued, taxes, and insurance paid; plaintiff in his complaint ignoring entirely the matters pertaining to his appointment as administrator and his dealings with this land as such. Defendants deny that anything was due on the mortgage, and for second defense set up the facts in regard to plaintiff being administrator, his settlement of this matter while such, taking an assignment in name of S., etc., and ask that if plaintiff be allowed to recover, he recover no more than he really paid for the assignment. Trial was to the court and findings were prepared finding the facts as above set out, and finding that the plaintiff in all he did while administrator acted in the utmost good faith and fairness. The court found that the amount that was really due on the mortgage indebtedness was $1,964.04, and then found as a conclusion of law that plaintiff was entitled to foreclose for only the $435 and interest at 7 per cent. from date of payment of same, and judgment entered accordingly, and the plaintiff appealed to this court.

The only error complained of is in the court's finding that only $435 and interest could be collected instead of the $1,964.04. It is the theory of appellant that, inasmuch as the mortgage indebtedness was not a debt against the estate, section 270, Prob. Code, forbidding the purchase of claims against estate by administrator, did not apply. Appellant further contends that the general rules as to obligations of trustees toward beneficiaries do not render him liable and cites as such general rule, sections 1617, 1618, Civ. Code. Section 1617: "In all matters connected with his trust, a trustee is bound to act in the highest good faith toward his beneficiary, and may not obtain any advantage therein over the latter, by the slightest misrepresentation, concealment, threat or adverse pressure of any kind." Section 1618: "A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner." It appears from the pleadings and findings that the holders of the mortgage were in the possession of the premises in question for years, and that the premises consisted of a city lot and dwelling thereon. The grounds of defendants' contention that no debt existed seem to have been that the reasonable value

of the use of the premises while held by holder of mortgage was sufficient to wipe out the debt. The court found, however, that there was justly due on the mortgage indebtedness the aforementioned sum of $1,964.04.

The determination of this question seems to us very simple. Let us look at the situation when the plaintiff paid over the $435. He did it believing he was settling a claim that could have been presented against the estate. If he was correct in his assumption, then it would have to be held either that he purchased the claim, in which case he could recover nothing, or else that he settled same and could recover what he paid. If this was not a claim against the estate, it was a claim against property belonging to the estate, and the plaintiff could in no manner deal with this property to his own benefit under section 1618. That being so, and had plaintiff remained administrator, his legal claim against this estate for settling the debt against the estate would have been $435, and, on the other hand, if not a debt of the estate, his equitable claim against the land for his acts beneficial to the owners thereof would have been $435. Can the legal claim he might have had against the estate in one case or his equitable claim against the land in the other case be in any way increased or changed by the fact that the beneficiaries of his acts (two at least of whom were minors, though we think this really immaterial) thought that what he had done was not a benefit, and therefore refused to ratify it? Certainly not. Furthermore, is there any presumption that the plaintiff could ever, except as administrator, have made the settlement he did, or is there any presumption that the heirs could not themselves have effected as good a settlement, and would not have, if the property had been turned over to them subject to the incumbrances? The plaintiff acquired this claim as a trustee while such trustee, and it is repugnant to all sense of justice and equity that he now get over four times what he paid on the same. Appellant complains bitterly that he was compelled to go to the costs of suit to recover even his $435. This may well be answered by saying that thousands before him have had to sue to recover their just dues and have been limited in costs to those allowed by the laws of our land, but in this case it does not appear that plaintiff

ever offered to receive the $435 in full and he brought action for the whole amount of $1,964.04, and is now appealing because he was not allowed to recover same.

For reasons above given, judgment is affirmed.

SMITH and McCOY, JJ., not sitting.