ROBINSON, Appellant, v. ROINSTAD, Respondent.

(180 N. W. 67.)

(File No. 4722. Opinion filed December 1, 1920.)

1. **Estates of Decedents—Land Lease by Administrators Without Heirs' or Court's Consent—Subsequent Decree of Distribution Subject to "Instruments Executed by Administrators"—Subsequent Order on Lessee's Assignee to Surrender Premises—Order Striking From Decree "Other Instruments," Etc.—Crop Harvested by Assignee Seized by Heir—Right to Possession—Adverse Interest in Land, Whether Administrator Can Acquire.**

In claim and delivery involving right of plaintiff, an heir of decedent, to possession of the wheat cropped and shocked by assignee of a lease of administrators of an estate, the lease having been made without consent of the heir or of county court, and decree of distribution of the estate having been entered subsequent to execution of lease, which decree distributed the estate subject to certain mortgages and "other instruments executed by said administrators affecting said real estate;" the court having thereafter made and entered an order

directing plaintiff, assignee of lessee, to surrender the premises on which he had sown wheat to the heir and to refrain from making further claim thereto, appeal from which order to circuit court had not been perfected; county court having pursuant to said notice to assignee, entered an order striking from the decree the words "and any other instruments" etc.; held, conceding that administrators have authority to execute a valid lease to a stranger, yet an administrator can in no event acquire an interest in land of an estate adverse to the heirs; and when plaintiff took the assignment of the lease it was for benefit of the heirs; it was his duty to immediately deliver the property to the heirs.

2. **Executors and Administrators—Administrator's Traffic in Or Acquiring Interest in Realty Adverse to Estate, As Contrary to Law and Public Policy—Administrator as Trustee, Statutory Rights Of.**

It is contrary to both law and public policy, to permit an administrator to traffic in or acquire an interest in property adverse to the estate. He is a trustee, and as such he "may not use or deal with the trust property for his own profit or for any other purpose unconnected with the trust in any manner," Sec. 1196, Code 1919; and if assignee of administrator's lease of an estate, given without consent of heir or county court, had any right in the property when lease was executed, it was as trustee, and it is repugnant to all sense of justice and equity to permit him to reap profit at expense of beneficiaries.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by E. B. Robinson, against Anna Roinstad, in claim and delivery, for possession of cropped wheat grown on land claimed to have been leased by administrators of an estate. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*A. B. Beck,* and *G. M. Caster,* for Appellant.

*J. E. Tipton,* for Respondent.

POLLEY, J. The defendant in this action is the surviving widow of one Lars Roinstad, deceased; and the plaintiff is one of the administrators of the estate of said decendent. The estate, so far as this action is concerned, consisted of 240 acres of agricultural land in Charles Mix county.

It appears, from the record, that as early as the month of December, 1917, the estate had been fully administered and the

defendant, on behalf of herself and several minor children as sole heirs of said decedent, demanded that the administrators make their final report and that final distribution of the estate be made. The report was not filed immediately, and the defendant had the administrators cited by the county court to show cause why the final report should not be made and the estate be finally wound up. No reason was attempted to be shown why the final report should not be made, and the same was filed on the 15th day of March, 1918. But in the meantime and on the 11th day of February, 1918, said administrators, without the knowledge or consent of the defendant, or the county court, entered into a purported lease or crop-sharing contract with one Alvin Newman, whereby said Newman was to have the use of 80 acres of the land belonging to the estate for the crop season of 1918. On the 15th day of February following, this purported contract was assigned to the plaintiff, and on or about the 22d day of March, the plaintiff over the protest of defendant, proceeded to sow wheat on some 35 acres of said land.

On the 1st day of April decree of final distribution awarding said land to defendant and her minor children was made and entered by the county court. In the course of the administration, the administrators had executed a mortgage on the land belonging to the estate to secure certain indebtedness, and when the decree of distribution was prepared and entered it contained the following clause:

"The said estate is distributed subject to said mortgage and other instruments executed by the said administrators affecting said real estate."

On the 7th day of May, 1918, the county court, pursuant to notice to defendant, made and entered an order directing plaintiff to surrender the premises, on which he had sown said wheat, to defendant, and for him to refrain from making further claim thereto. From this order plaintiff appealed to the circuit court but does not appear to ever have taken any steps to prosecute such appeal.

On the 18th day of November, 1918, the county court, pursuant to notice to plaintiff, made and entered an order striking from the decree of final distribution the words "and any other

instruments executed by said administrators affecting said real estate."

When the wheat was ripe, plaintiff, over the protest of defendant, cut and shocked it. Defendant appears then to have taken possession of it, and plaintiff commenced this action in claim and delivery for the possession thereof.

The case was tried to the court without a jury, and, upon the facts as above stated, judgment was entered for defendant. Plaintiff's motion for a new trial was overruled, and he appeals to this court.

Plaintiff contends that the administrators of the estate had a right to execute the lease to Newman, and that, when plaintiff took the assignment from Newman, he acquired all of Newman's right to proceed to farm the land according to the terms fixed by such lease. He further contends that, by the use of the above-quoted clause in the decree of final distribution, the county court approved and confirmed the said lease after it had been assigned to plaintiff; and, lastly, he contends that having been in peaceful possession of the land under claim of right, when he sowed the wheat, he is entitled to reap the crop. But plaintiff's position is wholly untenable. It is not necessary to decide whether an administrator, as such, ever has a right to lease land belonging to an estate without an order from the county court.

[1]  Conceding that administrators have authority to execute a valid lease to a stranger, an administrator can in no event acquire an interest in land belonging to the estate adverse to the heirs, and, when plaintiff took the assignment from Newman, he took it for the benefit of the heirs, and it was his duty to immediately turn the property over to the heirs.

[2]  It is contrary to both law and public policy to permit an administrator to traffic in or to acquire an interest in property adverse to the estate. An administrator of an estate is a trustee in the fullest sense of the word, and as such he "may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner. Rev. Code, § 1196. If the plaintiff had any right whatever in the property at the time the purported lease was executed, it was as trustee, and "it is repugnant to all sense of justice and equity"

to permit him to reap a profit at the expense of his beneficiaries. Bidwell v. Smith, 23 S. D. 120, 120 N. W. 880.

The judgment and order appealed from are affirmed.